UNITED STATES of America, Plaintiff,

and

United Transportation Union,
Plaintiff-Intervenor,

v.

ST. LOUIS–SAN FRANCISCO RAIL-
WAY COMPANY, Defendant.

No. CIV–76–0672–D.

United States District Court,
W. D. Oklahoma.

June 13, 1978.

Larry D. Patton, U. S. Atty. by Charles Lee Waters and Kathleen Flanagan, Asst. U. S. Attys., Oklahoma City, Okl., for plaintiff.

Lawrence M. Mann, Washington, D. C., for plaintiff-intervenor.

Grey W. Satterfield, Ben Franklin, Oklahoma City, Okl., Donal L. Turkal, St. Louis, Mo., for defendant.

Lynn J. Bullis, Jr., Oklahoma City, Okl., for amicus curiae Association of American Railroads.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

This action was brought by the Plaintiff United States of America against Defendant St. Louis-San Francisco Railway Company to recover civil penalties under the Hours of Service Act (Act), 45 U.S.C. §§ 61–64b. Plaintiff-Intervenor, United Transportation Union, seeks a declaratory judgment that the acts referred to in Plaintiff's Complaint are in violation of the Act. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1337, 1345 and 1355, and 45 U.S.C. § 64a.

Defendant has filed herein a Motion for Summary Judgment Against Plaintiff-Intervenor, or, in the Alternative, for Judgment on the Pleadings or to Dismiss the Complaint of Plaintiff-Intervenor and said Motion is supported by a Brief. Plaintiff-Intervenor has filed a Brief in opposition to said Motion and Defendant has filed a Brief in reply thereto.

Plaintiff and Plaintiff-Intervenor have filed a Joint Motion for Summary Judgment which is supported by a Brief. De-

fendant has also filed a Motion for Summary Judgment and a Brief in support thereof. Plaintiff and Plaintiff-Intervenor have responded to Defendant's Motion and the Association of American Railroads has filed a Brief *amicus curiae* in support of Defendant's Motion for Summary Judgment.

In the instant case, Defendant is charged with violating 45 U.S.C. § 62 by allegedly permitting one of its train crews to remain continuously on duty in excess of twelve hours. 45 U.S.C. § 61(b)(3) provides that for the purposes of the Act:

"Time on duty shall commence when an employee reports for duty and [shall] terminate when the employee is finally released from duty, and shall include:

(A) Interim periods available for rest at other than a designated terminal;

(B) Interim periods available for less than four hours rest at a designated terminal; . . . ."

The parties have stipulated to the relevant facts pertaining to the issue involved in this case. The stipulated facts are summarized as follows: At 1:00 a. m. on October 16, 1973, Defendant's crew went on duty in Tulsa, Oklahoma, the "away-from-home terminal" for said crew and the train operated by said crew arrived at Perry, Oklahoma, at 7:45 a. m. The crew was released for an interim period of rest in Perry at 9:15 a. m. and was recalled at 1:15 p. m. The train and crew departed Perry at 1:50 p. m. and arrived at Enid, Oklahoma, the "home terminal" for said crew, at 4:35 p. m. at which time the crew members were released. It has been stipulated herein that suitable facilities for food and lodging were made available to the crew in Perry. The parties have also stipulated that "time on duty" does not include "interim periods available for rest" for four hours or more at a "designated terminal."

In the instant case, Defendant's crew went on duty at Tulsa at 1:00 a. m. and was released at Enid at 4:35 p. m., a total of fifteen hours and thirty-five minutes. If the four hour period that the crew was released for rest at Perry was "on duty" time, Defendant violated the twelve hour limitation of the Act. However, if the four

hour period was not "on duty" time, the crew was on duty for eleven hours and thirty-five minutes and Defendant did not violate the Act. Thus, the parties have stipulated that the only issue for the Court to decide herein is whether "[u]nder the facts of this case, was the release of the crew at Perry at a 'designated terminal' within the meaning of the Hours of Service Act."

Due to a lack of cases construing the statutory term "designated terminal," the Court entered an Order on December 21, 1977, staying decision of the Motions pending herein until the case of *United States v. St. Louis-San Francisco Railway Co.*, 572 F.2d 1224 (Eighth Cir. 1978) (per curiam) (hereinafter referred to as *Frisco*), had been decided by the United States Court of Appeals for the Eighth Circuit. As a decision has been rendered in *Frisco*, the Court will proceed to determine the instant Motions.

Plaintiff and Plaintiff-Intervenor rely on *United States v. Atchison, Topeka and Santa Fe Railway Co.*, 525 F.2d 1184 (Ninth Cir. 1975) (2–1 decision), *cert. denied*, 425 U.S. 992, 96 S.Ct. 2204, 48 L.Ed.2d 816 (1976) (hereinafter referred to as *Santa Fe*), and *United States v. Chesapeake and Ohio Railway Co.*, 399 F.Supp. 480 (N.D.Ind.1975) (hereinafter referred to as *C&O*), to support their position that Perry was not a "designated terminal" within the meaning of the Act. In *Santa Fe*, the term "designated terminal" as used in the Act was held to mean "terminals designated in or under collective bargaining agreements" so that time spent by a crew at a terminal which was not so designated had to be included in computing "time on duty" for the crew under the Act. *C&O* reached the same result but construed the term "designated terminal" to mean "all stations or points on the railroad line in question which have been established in collective bargaining agreements or otherwise recognized by both management and labor as home and/or away-from-home terminals for that railroad." 399 F.Supp. at 485.

In contrast to the above cases, *Frisco* construed the term "designated terminal" "as connoting an *interim* rest point . .

not necessarily limited to 'home' and 'away-from-home' terminals as those terms are used in collective bargaining agreements." *United States v. St. Louis-San Francisco Railway Co., supra* at 1229. The Eighth Circuit noted that the purpose of the Act "is to promote the safe operation of trains" and found the appellant's interpretation of the Act (i. e. a "designated terminal" is one established in or under a collective bargaining agreement as the "home" or "away-from-home" terminal for the particular crew assignment under consideration) "does not enhance safety but serves only to burden efficient railroading." *Id.* at 1229 (footnote omitted).

After carefully considering the foregoing cases, the Court has determined that the Eighth Circuit's construction of the term "designated terminal" as used in the Act includes interim rest points with suitable facilities for food and lodging available, such as Perry, in addition to "home" and "away-from-home" terminals specified as such under collective bargaining agreements.

As noted previously, the parties have stipulated in the instant case that "time on duty" within the meaning of the Act does not include "interim periods available for rest" for four hours or more at a "designated terminal." As the crew in question was released at Perry for an interim period of rest of four hours and as the Court has determined that Perry was a "designated terminal" within the meaning of the Act, the time that said crew spent at Perry was not "time on duty" within the meaning of the Act. Therefore, the crew was on duty for a total of eleven hours and thirty-five minutes and Defendant did not violate the twelve hour limitation of the Act.

As the facts in this case have been stipulated to by the parties, no genuine issues of material facts are present herein. Furthermore, Defendant is entitled to judgment as a matter of law in view of the Court's construction of the term "designated terminal" in this Order. Therefore, summary judgment is appropriate in this case. Rule 56, Federal Rules of Civil Procedure; *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202 (Tenth Cir. 1977); *Williams Petroleum Co. v. Midland Cooperatives, Ind.*, 539 F.2d 694 (Tenth Cir. 1976); *Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230 (Tenth Cir. 1975); *Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 494 F.2d 168 (Tenth Cir. 1974).

In view of the foregoing, Defendant's Motion for Summary Judgment should be granted and the Joint Motion for Summary Judgment of Plaintiff and Plaintiff-Intervenor should be overruled. Accordingly, a judgment will be entered in favor of Defendant and this action should be dismissed.

It is so ordered this 13th day of June, 1978.